UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

**BRENDA RICHARDSON** \* CIVIL NO. 10-0883

**VERSUS** \* JUDGE DOHERTY

**WYETH INC., ET AL** \* MAGISTRATE JUDGE HILL

REPORT AND RECOMMENDATION
ON MOTION TO DISMISS

Pending before the undersigned for report and recommendation is the Motion to Dismiss filed by defendant, Actavis Elizabeth, L.L.C. ("Actavis"), on September 6, 2011 [rec. doc. 80]. No opposition has been filed, and the deadline for opposition has expired.[1]  For the following reasons, it is recommended that the motion be **GRANTED**.

Background

Plaintiff, Brenda Richardson ("Richardson"), filed suit in this Court under the Louisiana Products Liability Act, LA. REV. STAT. § 9:2800.51 *et seq.*, alleging that she suffers from tardive dyskinesia and/or involuntary movement disorder caused by long-term use of metoclopramide, a generic form of Reglan, manufactured by Actavis.[2]  [rec. docs. 1, 60]. By Order dated January 20, 2011, Judge Melançon administratively terminated these proceedings without prejudice to the parties' right to file a motion to reopen the proceedings within 30 days

---

[1] LR 7.5 provides that opposition shall be filed within 21 days after service of the motion.

[2] By Order dated May 28, 2010, the claims of plaintiffs, Suzanne Guilbeau, Roberta Phillips, Brenda Richardson, Roy Steve, Sr., Brenda Steve, Jane Etta Stevens, and Eddie Sue Williams on behalf of Dolly Sue Williams, were severed into separate causes of action. [rec. doc. 57].

from the date of the United States Supreme Court's decisions in *Demahy v. Actavis, Inc.*, 593 F.3d 428 (5th Cir. 2010), *cert. granted* No. 09-1501, and *Mensing v. Wyeth, Inc.*, 588 F.3d 603 (8th Cir. 2009), *cert. granted* No. 09-993 and 09-1039, were rendered. [rec. doc. 78]. On September 6, 2011, Actavis moved to reopen/reinstate the case [rec. doc. 79], which motion was granted on September 8, 2011 [rec. doc. 82].

On September 6, 2001, Actavis filed the instant motion to dismiss on the basis that plaintiff's failure-to-warn claims were preempted by federal law in light of the Supreme Court's decision in *PLIVA, Inc. v. Mensing*, 564 U.S. ___, 131 S.Ct. 2567, 180 L.Ed.2d 580 (June 23, 2011). [rec. doc. 80]. The motion is unopposed.

## Law and Analysis

### *Standard for Motion to Dismiss*

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (*internal quotations omitted*) (*quoting Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Breaches Litig.*, 495 F.3d at 205 (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.* (*quoting Twombly*, 550 U.S. at 555, 127 S.Ct. at

1965). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964-65 (citations, quotation marks, and brackets omitted) (emphasis added).

### *Preemption*

Actavis argues that plaintiff's claims are preempted by the Supreme Court's decision in *PLIVA*, *supra*. In *PLIVA*, the Supreme Court consolidated the claims of Gladys Mensing and Julie Demahy, both of whom brought suit for damages against the generic drug manufacturers that produced metoclopramide, under Minnesota law [*Mensing v. Wyeth, Inc.*, 588 F.3d 603 (8th Cir. 2009)] and Louisiana law, respectively. Demahy filed suit in Louisiana state court, alleging that long-term metoclopramide use caused her tardive dyskinesia and that the manufacturer was liable under the Louisiana Products Liability Act.

Following removal, the United States District Court for the Eastern District of Louisiana (Barbier, J.) granted in part and denied in part the manufacturer's motion to dismiss. The Fifth Circuit affirmed that decision on appeal, finding that Demahy's claims were not pre-empted. *Demahy v. Actavis, Inc.*, 593 F.3d 428 (5th Cir. 2010).

On June 23, 2011, the Supreme Court issued its decision and reversed and remanded each case, holding that federal law pre-empted state laws imposing the duty to change a drug's label upon generic drug manufacturers. After the Supreme Court rendered its

decision, the Fifth Circuit vacated and remanded its decision for the entry of judgment in favor of defendant-appellant, Actavis. *Demahy v. Actavis, Inc.*, 650 F.3d 1045 (5th Cir. Aug. 22, 2011).

Here, plaintiff alleged in the second amended complaint that defendant had failed to warn of the risks of taking metoclopramide on its labels and package inserts. [rec. doc. 60, ¶¶ 6, 21-32]. This is precisely the type of claim that *PLIVA* held was pre-empted by federal law. Considering the Supreme Court's opinion, and the lack of opposition to Actavis' motion, the undersigned finds that plaintiff's claims are preempted by federal law. Accordingly, I recommend that the motion to dismiss plaintiffs' claims be **GRANTED**.

## Conclusion

Based on the foregoing reasons, the undersigned recommends that the Motion to Dismiss be **GRANTED.**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS**

**REFLECTED IN THIS REPORT AND RECOMMENDATION WITHIN FOURTEEN (14) DAYS FOLLOWING THE DATE OF ITS SERVICE, OR WITHIN THE TIME FRAME AUTHORIZED BY FED.R.CIV.P. 6(b), SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING THE FACTUAL FINDINGS OR THE LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT, EXCEPT UPON GROUNDS OF PLAIN ERROR.** *DOUGLASS V. UNITED SERVICES AUTOMOBILE ASSOCIATION*, **79 F.3D 1415 (5TH CIR. 1996).**

Signed October 20, 2011, Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE